Hoffman, J., dissenting
 

 {¶ 61} I respectfully dissent from the majority opinion.
 

 {¶ 62} While I agree there were no "attendant circumstances" in this case to justify an exception to the open-and-obvious rule, I find reasonable minds, when considering the evidence in the light most favorable to Appellant as required by Civ.R. 56, could differ as to whether the alleged danger was, in fact, open and obvious.
 

 {¶ 63} Due to the "give" [flexibility] of the mat the top of the ramp and the fact the mat covered the offset between the top of the ramp and the tile floor, a reasonable trier-of-fact could find a lip was created by stepping on the mat near the top of the ramp. Given the fact a person's normal gate is to put one foot ahead of the other when walking, it is not necessarily inconsistent Appellant's right foot may have safely stepped over the top of the ramp while Appellant's left foot caught on the lip created by the "give" of the mat where the gap existed. I find sufficient evidence exists to create a genuine dispute as to whether the alleged hazard was open and obvious.
 

 {¶ 64} I further disagree with the trial court's and majority's determination no liability exists because the "two-inch rule" bars recovery, finding the height differential was "trivial." While the height differential may have been trivial, all the cases applying the two-inch rule involve situations where the height differential was observable.
 

 {¶ 65} Because the black mat covered the gap between the top of the ramp and the tile floor, the height differential caused by the give in the mat was not observable. As such, I find the two-inch rule inapplicable when the gap is not open to observation but rather covered or obscured.